# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL ARON MATLOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 23-CV-0011-GKF-JFJ |
| | ) | |
| DEON CLAYTON, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Michael Aron Matlock, an Oklahoma prisoner appearing *pro se*,[1] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the criminal judgment entered against him in the District Court of Tulsa County, Case No. CF-2010-1691.  Dkt. 1. Respondent Deon Clayton moves to dismiss the petition, alleging that Matlock did not file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1).  Dkts. 8, 9.  For the reasons discussed below, the Court grants Respondent's motion to dismiss (Dkt. 8) and dismisses the petition as barred by the applicable statute of limitations.

## BACKGROUND

Matlock pleaded guilty, on April 8, 2011, as to two counts of lewd molestation and one count of procuring, manufacturing, or distributing child pornography.  Dkt. 1, at 1; Dkt. 9-1; Dkt. 9-3, at 8-9.[2]  On June 2, 2011, the state district court adjudged Matlock guilty, sentenced him to

---

[1] Because Matlock appears without counsel, the Court must liberally construe his pleadings.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the rule of liberal construction neither requires nor permits the Court to act as his advocate by crafting legal arguments or scouring the record for facts to support his claims.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] The Court's citations refer to the CM/ECF header pagination.

twelve years' imprisonment as to each lewd molestation conviction, sentenced him to two years' imprisonment as to the pornography conviction, and ordered that these sentences be served consecutively.  Dkt. 9-3, at 9.  With the benefit of the prison mail box rule, Matlock commenced this federal habeas action more than eleven years later, on January 4, 2023.  Dkt. 1, at 8; *see* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* (establishing that inmate filings are deemed filed when delivered to prison officials using the prison's legal mail system).  Matlock claims he is in state custody in violation of the Constitution, laws, or treaties of the United States because he is Indian, and the State of Oklahoma therefore did not have jurisdiction to prosecute him for crimes he committed in Indian country.  *Id.* at 4-5.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  These events include:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Unless a state prisoner alleges facts that implicate § 2244(d)(1)(B), (C), or (D), the one-year limitations period runs from the date the judgment became "final" under § 2244(d)(1)(A).  *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

A.      The Applicable Limitations Period

Matlock does not describe any facts implicating § 2244(d)(1)(B), (C), or (D).  Rather, he contends that his petition is timely because claims involving subject matter jurisdiction cannot be waived or forfeited and thus can be raised at any time.  Dkt. 1, at 7; Dkt. 10, at 7-8.  But this contention lacks merit because claims alleging an absence of jurisdiction in the convicting court are not exempt from the AEDPA's one-year statute of limitations.  *See Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims.").

Thus, as Respondent argues, § 2244(d)(1)(A) applies, and Matlock's one-year limitations period began to run on the date on which his criminal judgment became final by the conclusion of direct review or by the expiration of the time for seeking direct review.  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  Matlock was afforded ten days from June 2, 2011, the date he was sentenced, to initiate a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA) by moving to withdraw his guilty plea.  Okla. R. Crim. App. 4.2(A); *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012).  Matlock did not move to withdraw his guilty plea, and his criminal judgment therefore became final on June 13, 2011, when the time to do so expired.[3]  The one-year limitations period for seeking federal habeas relief began to run the following day, June 14, 2011, and, absent any tolling events, would have expired one year later, June 14, 2012.  *Harris v. Dinwiddie*, 642

---

[3] Matlock's ten-day period to move to withdraw his guilty plea expired on June 12, 2011. However, because that day was a Sunday, he had until the following Monday, June 13, 2011, to file the motion.  Okla. R. Crim. App. 1.5(A).

F.3d 902, 906 n.6 (10th Cir. 2011).  Section 2244(d)(1)(A) therefore bars relief as to Matlock's claims absent statutory or equitable tolling.

      B.    <u>Statutory and Equitable Tolling</u>

    Under 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled, or suspended, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  But statutory tolling is available only as to applications that are filed within the applicable one-year limitations period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).  Matlock sought postconviction relief in state court on more than one occasion, but he is entitled to only one period of statutory tolling.  On April 23, 2012, when he had fifty-one days remaining of his one-year limitations period, Matlock filed a "Request for Judicial Review and Modification of Sentences." Dkt. 9-4.  The district court denied that request on April 25, 2012. Dkt. 9-5.  Thus, Matlock can benefit from statutory tolling for the two days his request was pending, and he had until June 18, 2012, to file a timely federal habeas petition.[4]  Over eight years after his AEDPA limitations period expired, Matlock filed two applications for postconviction relief in state district court, in August 2020 and June 2022, asserting the jurisdictional claim he raises in the instant petition. Dkts. 9-6, 9-7, 9-10.  But these applications were filed too late to toll the already expired limitations period.  *Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA

---

[4] Matlock's tolling motion extended his original June 14, 2012, deadline only for two days, until June 16, 2012.  However, because the latter day fell on a Saturday, Matlock had until the following Monday, June 18, 2012, to file a timely habeas petition. Fed. R. Civ. P. 6(a)(1)(C).

will toll the statute of limitations.").[5]   Thus, the Court finds that the petition is untimely even with the benefit of statutory tolling.

And Matlock has not demonstrated that the instant petition, filed more than a decade after his limitations period expired, should be deemed timely through the doctrine of equitable tolling. To obtain equitable tolling, Matlock must show that he "diligently pursue[d] his claims and . . . that the failure to timely file [a federal habeas petition] was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).   In response to the motion to dismiss, Matlock seeks equitable tolling, arguing that he diligently pursued his jurisdictional claim "by actively pursuing relief through numerous motions and petitions filed in state [c]ourt." Dkt. 10, at 6-7.   But even assuming Matlock exercised reasonable diligence "by actively pursuing" postconviction relief beginning in August 2020, Matlock describes no facts suggesting he exercised diligence, reasonable or otherwise, during the nine-year period between June 2011, when he was sentenced, and August 2020, when he filed his first application for postconviction relief in state court.   And he identifies no specific circumstances beyond his control, extraordinary or otherwise, that prevented him from filing a federal habeas petition within the year after his judgment became final.   Thus, even if Matlock has shown that he exercised reasonable diligence in pursuing his claims long after his limitations period expired, the Court finds that he

---

[5] In November 2017, more than five years after his limitations period expired, Matlock filed a federal habeas petition in this court, seeking relief under 28 U.S.C. § 2254. Dkt. 9-6. This court dismissed without prejudice Matlock's first § 2254 petition on September 8, 2018, because he did not exhaust available state remedies as required by 28 U.S.C. § 2254(b)(1)(A). *Matlock v. Bryant*, Case No. 17-CV-0645-JED-FHM, 2018 WL 4355197, at *4 (N.D. Okla. Sept. 12, 2018). Even if Matlock had filed his first § 2254 petition before his limitation period expired, the filing of a federal habeas petition does not toll the one-year limitations period under § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (holding "that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)").

has not shown that equitable tolling is warranted under the facts of this case.[6]

Lastly, the judicially created actual-innocence exception can provide habeas petitioners an equitable avenue through which to pursue constitutional claims that are barred by § 2244(d)(1)'s statute of limitations. *Pacheco*, 62 F.4th at 1241-42.  "Also known as the 'miscarriage of justice' exception, the actual-innocence exception applies 'when a petitioner can demonstrate that he is actually innocent of the crime of conviction.'"  *Id.* at 1241 (quoting *Taylor v. Powell*, 7 F.4th 920, 926 (10th Cir. 2021)).  "To qualify for the exception, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'"  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Matlock, however, does not raise any claims or arguments in the petition or in his response to the motion to dismiss suggesting that he is factually innocent of the crimes for which he admitted his guilt and was convicted.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency."); *Pacheco*, 62 F.4th at 1241-46 (rejecting habeas petitioner's argument that allegedly being prosecuted and convicted "by the wrong jurisdiction" implicates factual innocence).  The Court thus finds that the actual innocence

---

[6] To the extent Matlock's arguments could be generously construed as asserting that the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), gave rise to extraordinary circumstances that would support equitable tolling of the statute of limitations for *McGirt*-related claims, this court has previously rejected that argument.  *See, e.g.*, *Rowbotham v. Nunn*, Case No. 22-CV-0011-JFH-SH, 2022 WL 1523195, at *3 (N.D. Okla. May 13, 2022) (unpublished) ("Even accepting that *McGirt* significantly altered the understanding of the allocation of criminal jurisdiction in Oklahoma, applying equitable tolling in this situation would effectively turn the doctrine of equitable tolling into a judicially-created equitable exception to § 2244(d)(1)'s one-year statute of limitations for all Oklahoma prisoners who were purportedly tried by a state court that lacked criminal jurisdiction.  This would be contrary to the well-established principle that 'equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'" (footnote omitted) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007))).  And none of Matlock's arguments persuade this Court to revisit that issue.

exception does not apply in this case to excuse the untimeliness of the instant petition.

## CONCLUSION

Based on the foregoing, the Court concludes that Matlock's claims are barred by the applicable statute of limitations. The Court therefore grants Respondent's motion and dismisses the petition with prejudice. And because the statute of limitations presents a plain procedural bar, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that:

1. Respondent's motion to dismiss (Dkt. 8) is **granted**;

2. Matlock's petition for writ of habeas corpus (Dkt. 1) is **dismissed** with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

3. a certificate of appealability is **denied**; and

4. a separate judgment shall be entered in this matter.

**DATED** this 25th day of September, 2023.

Gregory K. Frizzell
United States District Judge